# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2011

No. 10-50947

Lyle W. Cayce
Clerk

UNC LEAR SERVICES, INC.; LEAR SIEGLER SERVICES, INC.,

Plaintiffs-Appellees,

versus

KINGDOM OF SAUDI ARABIA; MINISTRY OF DEFENSE AND AVIATION
OF THE KINGDOM OF SAUDI ARABIA,

Defendants-Appellants.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CV-1008

Before GARWOOD, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

UNC LEAR Services, Inc. ("Lear"), entered into a cost-plus contract with
the Kingdom of Saudi Arabia (the "Kingdom") to service its military aircraft.  In

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

breach of that contract, Lear secretly outsourced its services to other companies, which inflated the cost of repairs.  After noticing the inflated costs, Lear adjusted some prices and conducted an investigation into others, finding them to be reasonably priced.

Lear sued the Kingdom for failure to pay under the contract; the Kingdom counterclaimed for breach of contract and for alleged RICO violations.  The district court conducted a five-day bench trial, then issued a thorough order containing findings of fact and conclusions of law.  The court decided "that all of Lear's claims against the Kingdom fail, and that all of the Kingdom's claims against Lear fair."  The court stated, on the Kingdom's breach-of-contract claim, that "[a]lthough Lear did breach the contract, the Court found Mr. Raymie's testimony regarding the work done to ensure that only fair prices were charged to be highly persuasive."  The court concluded that "[b]ecause [it] finds that the Kingdom suffered no damages as a result of Lear's breach of the contract, the Kingdom may not recover under its breach of contract claim."

The Kingdom appeals the denial of relief.  We find no clear error in the district court's comprehensive findings of fact and no error in its conclusions of law. The judgment is AFFIRMED, essentially for the reasons stated by the district court.